# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER P. RICCIARDI**, | : | **CIVIL NO. 1:17-CV-719** |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | |
| **LT. SHUMENCKY**, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Christopher Ricciardi ("Ricciardi"), an inmate currently confined at the Retreat State Correctional Institution in Hunlock Creek, Pennsylvania ("SCI-Retreat"), commenced this action on April 21, 2017 pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as defendants are Lieutenant Shuminsky, Lieutenant Woods, Lieutenant Geisinger, Captain Shoemaker, Correctional Officer Wright, Correctional Officer Knight, and Superintendent Mooney. Ricciardi alleges that defendants violated his constitutional rights when they failed to transfer him to a different facility after he was sexually assaulted by another inmate on January 29, 2017.

Presently pending before the court is defendants' motion (Doc. 12) to dismiss pursuant to Federal Rule of Civil Procedure 12(b), or for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons set forth below, the court will grant the motion for summary judgment.

I.      **Standard of Review**

When a party moves to dismiss, but where "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d).  Typically, when a court converts a motion to dismiss into a motion for summary judgment under Rule 56, notice must be given to all parties of the court's intent to do so.  Id.; Garcia v. Newtown Twp., 2010 WL 785808, at *3 (E.D. Pa. 2010).  On January 22, 2018, the court provided notice to the parties of its intent to convert the motion into a motion for summary judgment.  (Doc. 20).  Accordingly, the motion is treated as one for summary judgment pursuant to Federal Rule of Civil Procedure 56.

Through summary adjudication the court may dispose of those claims that do not present a "genuine issue as to any material fact" and for which a jury trial would be an empty and unnecessary formality.  See FED. R. CIV. P. 56(a), (c).  The burden of proof is upon the nonmoving party to come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief. Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); FED. R. CIV. P. 56(e); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the nonmoving party on the claims.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986); see also FED. R. CIV. P. 56(c), (e).  Only if this threshold is met may the cause of action proceed.  Pappas, 331 Supp. 2d at 315.

## II. **Allegations of the Complaint**

Ricciardi alleges that he was sexually assaulted by a fellow inmate in the shower at SCI-Retreat on January 29, 2017. (Doc. 1, at 7). After the incident, Ricciardi allegedly informed defendant Wright about the sexual assault. (Id.) Defendant Wright then asked defendant Knight how to proceed. (Id.) Defendant Knight advised Wright to call the medical department, as well as the lieutenant on duty. (Id.) Shortly thereafter, defendant Shuminsky arrived and escorted Ricciardi to the medical department. (Id.)

On January 30, 2017, a state trooper interviewed Ricciardi about the incident. (Id.) Defendant Woods was present for the interview. (Id.)

Later that day, Ricciardi expressed to his counselor his concerns about staying on the same cell block, and requested a cell reassignment. (Id.) The unit manager advised Ricciardi that he could be placed in a Psychiatric Observation Cell ("POC"). (Id.) Defendant Geisinger subsequently placed Ricciardi in the "AISO" unit, which was approved by defendant Shoemaker. (Id.)

Based on his fear of further assault, Ricciardi wrote a letter to the Prison Rape Elimination Act ("PREA") coordinator Ms. Miller, and requested a transfer to a different institution. (Id. at 8). His request was denied. (Id.)

In the complaint, Ricciardi requests a transfer to the State Correctional Institution in Chester, Pennsylvania, as well as declaratory and monetary relief. (Doc. 1, at 4).

### III.  Statement of Material Facts[1]

An inmate who is the victim of sexual abuse or harassment should report the abuse to any staff member.  (Doc. 22, Statement of Material Facts ("SMF"), ¶ 5; Doc. 23, Declaration of Stacy Miller, Corrections Classification Program Manager at SCI-Retreat ("Miller Decl."), ¶ 4).  Inmates should not utilize the inmate grievance system for an initial report of sexual abuse; however, if an inmate does file a grievance in the first instance, the Facility Grievance Coordinator will forward it to the facility's Security Office for investigation.  (SMF ¶ 6; Miller Decl. ¶ 5).  Ricciardi reported to a staff member that he was sexually assaulted by another inmate on January 29, 2017.  (SMF ¶ 7; Miller Decl. ¶ 9).  An investigation into the alleged sexual assault was immediately initiated by the facility's Security Office.  (SMF ¶ 8; Miller Decl. ¶ 10).  Ricciardi never submitted a grievance related to the alleged sexual assault that occurred on January 29, 2017.  (SMF ¶ 9; (Doc. 13-1, at 2-6, Declaration of Tina Shaup, Superintendent's Assistant at SCI-Retreat ("Shaup Decl."), ¶ 17).

---

[1] Local Rule 56.1 requires that a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." LOCAL RULE OF COURT 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues for trial. See id. Ricciardi did not file a response to defendants' statement of material facts. The court accordingly deems the facts set forth by defendants to be undisputed. See LOCAL RULE OF COURT 56.1. See also (Doc. 20, ¶ 3(a)) (advising Ricciardi that failure to file a responsive statement of material facts would result in the facts set forth in defendants' statement of material facts being deemed admitted).

If a facility staff member receives a complaint or allegation of sexual abuse of an inmate, the staff member must complete a Report of Extraordinary Occurrence. (SMF ¶ 10; Miller Decl. ¶ 4). An allegation of sexual abuse is investigated by the facility's Security Office and a completed investigation report is submitted to the Office of Special Investigations and Intelligence ("OSII") within thirty days. (SMF ¶ 11; Miller Decl. ¶ 7).

The OSII reviews the investigation report and, within fifteen business days, determines whether the facility investigation was completed in a satisfactory manner. (SMF ¶ 16; Miller Decl. ¶ 15). Upon notification from the OSII of a satisfactory investigation, the suspect(s) and the complainant are advised of the findings by the PREA Compliance Manager. (SMF ¶ 17; Miller Decl. ¶ 16). Any determination with regard to an inmate's PREA complaint is similar to the final appeal decision received when an inmate files a grievance pursuant to DC-ADM 804, Inmate Grievance System Procedures. (SMF ¶ 19; Miller Decl. ¶ 18).

In the instant action, an investigation report was due to the OSII by March 14, 2017. (SMF ¶ 12; Miller Decl. ¶ 11). Based on the nature of the assault, the investigation was referred to the Pennsylvania State Police ("PSP"). (SMF ¶ 13; Miller Decl. ¶ 12). To date, the PSP are still waiting for results of the lab reports, and have not completed their investigation of Ricciardi's allegations. (SMF ¶ 14; Miller Decl. ¶ 7). The OSII therefore granted an extension to March 21, 2018 to SCI-Retreat's Security Office to provide an initial report, pending the PSP lab results. (SMF ¶ 15; Miller Decl. ¶ 14). The investigation into Ricciardi's sexual abuse

allegation is still ongoing and he has not yet been advised of any findings. (SMF ¶¶ 18, 32; Miller Decl. ¶ 17).

In his complaint, Ricciardi acknowledges that there is a grievance procedure available at the institution. (SMF ¶ 28; Doc. 1, at 3). Ricciardi states that he has fully exhausted his available administrative remedies regarding his present claims. (SMF ¶ 29; Doc. 1, at 3). Since January 2017, Ricciardi has only filed one grievance at SCI-Retreat, grievance number 665344, which alleged problems with medical staff. (SMF ¶ 30; Shaup Decl. ¶ 17; Doc. 13-1, at 45, Grievance Number 665344). On February 19, 2017, Ricciardi filed grievance number 665344 at the institution level complaining about an incident with a nurse distributing his medication. (Shaup Decl. ¶ 17; Doc. 13-1, at 45). On March 1, 2017, the grievance was denied on initial review. (Doc. 13-1, at 44). Ricciardi did not appeal to the Facility Manager or to the Secretary's Office of Inmate Grievances and Appeals ("SOIGA"). (Shaup Decl. ¶¶ 18-19).

## IV. Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

6

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Defendants seek an entry of judgment in their favor based on Ricciardi's failure to properly exhaust his administrative remedies pursuant to both DC-ADM 804 and DC-ADM 008 prior to proceeding in federal court. (Doc. 13, at 2-11; Doc. 25, at 2-4). In response, Ricciardi argues that he is exempt from the requirement of filing a grievance pursuant to DC-ADM 804 because he followed the procedures outlined for allegations of sexual abuse and/or sexual harassment in DC-ADM 008, the Prison Rape Elimination Act. (Doc. 14, at 2-4).

Under the Prison Litigation Reform Act of 1996 (the "PLRA"), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions. See 42 U.S.C. § 1997e(a); Booth v. Churner, 206 F.3d 289, 291 (3d Cir. 2000). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). It has been made clear that the exhaustion requirement is mandatory. See Williams v. Beard, 482 F.3d 637, 639 (3d Cir. 2007); see also Booth v. Churner, 532 U.S. 731, 741 (2001) (holding that the exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered through administrative

procedures"); Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 2000) (same). "[I]t is beyond the power of [any] court . . . to excuse compliance with the exhaustion requirement." Nyhuis, 204 F.3d at 73 (quoting Beeson v. Fishkill Corr. Facility, 28 F. Supp.2d 884, 894-95 (S.D.N.Y. 1998)).

To exhaust administrative remedies an inmate must comply with all applicable grievance procedures and rules. Spruill v. Gillis, 372 F.3d 218, 231 (3d Cir. 2004). The PLRA requires not only technical exhaustion of the administrative remedies, but also substantial compliance with procedural requirements. Spruill, 372 F.3d at 227-32; see also Nyhuis, 204 F.3d at 77-78. A procedural default by the prisoner, either through late or improper filings, bars the prisoner from bringing a claim in federal court unless equitable considerations warrant review of the claim. Spruill, 372 F.3d at 227-32; see also Camp v. Brennan, 219 F.3d 279 (3d Cir. 2000).

The Pennsylvania Department of Corrections Inmate Grievance System Policy consists of a three-step Inmate Grievance System to provide inmates with an avenue to seek review of problems that may arise during the course of confinement. Pursuant to DC-ADM 804, after an attempt to resolve any problems informally, an inmate may submit a written grievance to the facility's Grievance Coordinator for initial review. This must occur within fifteen days after the events upon which the claims are based. Within fifteen days of an adverse decision by the Grievance Coordinator, an inmate may then appeal to the Facility Manager of the institution. Thereafter, within fifteen days of an adverse decision by the Facility Manager, an inmate may file a final appeal to the Secretary's Office of Inmate Grievances and Appeals. An appeal to final review cannot be completed unless an inmate complies

with all established procedures. An inmate must exhaust all three levels of review and comply with all procedural requirements of the grievance review process in order to fully exhaust an issue. See Booth, 206 F.3d at 293 n. 2 (outlining Pennsylvania's grievance review process); Ingram v. SCI Camp Hill, 448 F. App'x 275, 279 (3d Cir. 2011) (same).

However, "allegations of abuse shall be handled in accordance with . . . DC-ADM 008, 'Sexual Harassment of or Sexual Contact with Inmates.'" DC-ADM 804 § I(B)(10). DC-ADM 804 § 1(A)(2) clearly states that the DOC's Inmate Grievance System "is not meant to address incidents of an urgent or emergency nature including allegations of sexual abuse as defined in D[OC] policy DC-ADM 008, 'Prison Rape Elimination Act.'" DC-ADM 804 § 1(A)(6) further reiterates that, "[a] grievance regarding sexual abuse will not be addressed through the Inmate Grievance System and must be addressed through Department policy DC-ADM 008." DC-ADM 008 states, in part:

> Inmates shall not utilize the inmate grievance system to report sexual abuse or sexual harassment by a staff member or inmate-on-inmate sexual abuse, as defined in the Glossary of Terms for this procedures manual. However, if an inmate files a grievance related to staff on inmate sexual abuse/sexual harassment or inmate on inmate sexual abuse, the Facility Grievance Coordinator shall reject the grievance and forward it to the facility Security Office and PREA Compliance Manager (PCM)/designee for tracking and investigation. The inmate shall be notified of this action.

DC-ADM 008 § 3(B)(6).

Ricciardi argues that because his claims against defendants pertain to their alleged failure to protect him from sexual assault, his claims regard sexual abuse and he therefore was not permitted to grieve the claims under DC-ADM 804. (Doc.

9

14). Many federal district courts in Pennsylvania have found that allegations of abuse do not have to be filed through DC-ADM 804 if the inmate reports the abuse through DC-ADM 001[2] or DC-ADM 008. See Pressley v. Huber, 2017 WL 1062375, at *4, 6 (M.D. Pa. March 21, 2017) (citing McCain v. Wetzel, 2012 WL 6623689, at *6 (M.D. Pa. Oct. 26, 2012)); Bucano v. Austin, 2017 WL 4563948, at *4 (W.D. Pa. Oct. 13, 2017); McKinney v. Zihner, 2010 WL 1135722, at *6-7 (M.D. Pa. Mar. 23, 2010); Knauss v. Shannon, 2010 WL 5698929, at *7-8 (M.D. Pa. Feb. 12, 2010). The court thus concludes that Ricciardi's claims against defendants regarded sexual abuse under DC-ADM 008, and "filing an Official Inmate Grievance pursuant to DC-ADM 804 is not required for inmates alleging sexual harassment and/or sexual abuse." Bucano, 2017 WL 4563948, at *4 (citing McCain, 2012 WL 6623689, at *6). The court further concludes that Ricciardi failed to exhaust his present claims pursuant to DC-ADM 008 prior to proceeding in federal court.

The Department of Corrections' determinations with regard to an inmate's PREA complaint are "akin to the final appeal decision of a grievance." Tillman v. Pa. Dep't of Corr., 2017 WL 2536456, at *3 (Pa. Cmwlth. 2017). Pursuant to DC-ADM 008, an allegation of sexual assault is investigated by the facility's Security Office and a completed investigation report is submitted to the Office of Special Investigations and Intelligence within thirty business days. DC-ADM 008 § 3(C)(5). The OSII reviews the investigation report to determine whether the facility

---

[2] Pennsylvania Department of Corrections policy number DC-ADM 001 concerns "Inmate Abuse." Ricciardi does not contend that he initiated the administrative review process pursuant to DC-ADM 001, and this policy is not at issue in this case.

10

investigation was completed in a satisfactory manner.  DC-ADM 008 § 3(D)(1)(d).  Once an inmate has received the findings of their PREA complaint, the inmate has exhausted his available administrative remedies and may pursue any other available legal remedy.  (Miller Decl. ¶ 19).

After the alleged assault on January 29, 2017, Ricciardi reported to a staff member that a sexual assault occurred.  (Miller Decl. ¶ 9).  An investigation commenced and was originally scheduled to be completed by March 14, 2017.  (Id. at ¶¶ 10-11).  Due to the nature of the assault, the investigation was referred to the Pennsylvania State Police.  (Id. at ¶ 12).  The investigation is currently pending and the PSP are awaiting lab results.  The OSII therefore granted an extension to March 21, 2018 to SCI-Retreat's Security Office to provide an initial report.  (Id. at ¶ 14).  Once the PSP completes their investigation, the findings will be reviewed by the OSII to make sure the investigation was completed in a satisfactory manner.  (Id.)  After the OSII reviews the PSP determinations, the individuals involved will be informed of the findings.  (Id. at ¶ 16).  Since Ricciardi's PREA investigation is currently ongoing, his present federal civil rights action was commenced prior to fully exhausting his available administrative remedies.

Ricciardi has offered no evidence that he fully complied with DC-ADM 008's grievance procedure prior to filing the instant action.  A party opposing summary judgment must come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief.  Pappas v. City of Lebanon, 331 F. Supp.

11

2d 311, 315 (M.D. Pa. 2004); FED. R. CIV. P. 56(e). This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986); see also FED. R. CIV. P. 56(c), (e). Ricciardi has failed to meet his burden with respect to the exhaustion of his claims. Therefore, the court finds that defendants are entitled to summary judgment in their favor on the basis of failure to exhaust.

## IV. Conclusion

Based on the foregoing, defendants' motion for summary judgment will be granted. A separate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: March 12, 2018